STATE ex rel. CLARK, Respondent, v. DEISCH, Appellant.

(162 N. W. 365.)

(File No. 3813.   Opinion filed April 17, 1917.)

1.   Appeals—Error—Navigable Lake, Findings—Sufficiency of Conflicting Evidence.

Where the evidence upon which findings that a lake is a navigable or public body of water is conflicting, and the Supreme Court can not say, after careful consideration, that it clearly preponderates adversely to the findings, they will be approved.

2.   Waters—Navigable Lake—Title of Riparian Owner Inside Highwater Mark—Qualified Ownership—Former Decisions.

Judgment of trial court that absolute ownership of state extends from center of a navigable lake to high-water mark, held, erroneous. and held, following Flisrand v. Madson, 35 S. D. 457, 152 N. W. 796, and Anderson v. Ray, 37 S. D. 17, 156 N. W. 591, that state is owner of lake bed outwardly to ordinary low-water mark, and has qualified ownership from there to ordinary high-water mark, and that riparian owner owns land down to ordinary high-water mark, and has qualified ownership from there inwardly to ordinary low-water mark, subject to rights of state and to right of public to ingress to and egress from the lake.

Appeal from Circuit Court, Aurora County.    Hon. FRANK B. SMITH, Judge.

Action by the State, on the relation of S. W. Clark, Attorney General, against John Deisch, to enjoin defendant from draining Platte Lake. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Judgment vacated, and cause returned, with directions.

*Fellows & Fellows,* for Appellant.

*Bakewell & Bakewell,* for Respondent.

(2.)   To point two of the opinion, Appellant cited:   Hardin v. Jordan, 140 U. S. 371, 35 L. Ed. 428; Olson v. Huntamer, 6 S. D. 364; Shively v. Bowlby, 152 U. S. 1, 38 L. Ed. 331; Flisrand v. Madson, 35 S. D. 457, 152 N. W. 796; Lamprey v. State, 52 Minn. 181, 53 N. W. 1139.

Respondent cited:   State v. Jones (Ia.) 122 N. W. 241; Nee Pe-tauk Club v. Wilson, 96 Wis. 290, 71 N. W. 661; Mendota Club v. Anderson, 101 Wis. 479, 78 N. W. 185; Hammond v. Shepherd, 186 Ill. 235, 57 N. E. 867; Schulte v. Warren, 218 Ill. 108, 75 N. E. 783; Flisrand v. Madson, (S. D.) 152 N. W. 796; Hardin v. Jordan, 140 U. S. 371, 35 L. Ed. 428; Civ. Code, Sec. 240.

GATES, P. J.   Action to prevent defendant from draining Platte Lake.   Judgment was entered for plaintiff.   Defendant appeals from the judgment and an order denying a new trial.

The trial court found that the action was brought by the authority of the Attorney General pursuant to a request from the Governor of this state; that Platte Lake was a well-defined body of water situated upon six sections of land in Aurora county, and that it was a meandered lake.   The trial court found further:

"That from and after about the year 1881 until in or about the year 1905 the said Platte Lake contained water varying in depth from one (1) to six (6) feet, according to the seasons; that in wet years the water in said lake sometimes extended up to the ordinary high-water mark, and in dry seasons receded from the shore line various distances in accordance with the quantity of water in the lake; that during a few years between 1890 and 1900, during a portion of such years the lake was very nearly dry, but never, at any time, entirely so.

"That said lake when normally full of water contains about one thousand one hundred (1,100) acres; that the banks thereof are well defined and the east and west banks are more particularly so, the north and south banks being lower; that the water in said lake is derived from the drainage of a territory adjacent to said lake consisting of about seventy-five (75) square miles; that there are two creeks or draws opening into said lake, the same being Kimball creek, which flows into said lake from the

northwest and which is about ten (10) miles in length, and Platte creek, which enters the lake from the north from a distance of about six (6) miles north of said lake, and which emerges therefrom at the south end of said lake.

"That at the place on the south bank of said lake where Platte creek emerges therefrom there was, prior to about the year 1905 and while said bank was in its natural condition, a depression not to exceed one (1) foot in depth through which water might flow from Platte Lake into Platte creek, on reaching a level of about four (4) feet above the bottom of the lake in front of said depression; that the natural drainage of said lake was by way of Platte creek, but that prior to 1905, or thereabouts, topography of said lake was such that it was possible for the said lake to contain water approximately four (4) feet in depth immediately in front of the depression on such south bank, without the same pasing over the bank and draining into said Platte creek.

"That during nearly all the time subsequent to the year 1881 the said lake has been adapted to and is used by the people of this state, and more particularly those residing in the vicinity thereof for the purpose of boating, hunting, and for other like purposes; that said lake was in part covered with wild rice and rushes, and was generally frequented by ducks, geese and other wild fowl, and was frequented by those desiring to hunt and fish.

"That in or about the year 1905 the defendant cut away and removed from the bank of said lake at the outlet of Platte Lake into Platte creek and at a place where, in its natural condition, a natural ridge or barrier extended from east to west across Platte creek, a considerable quantity of soil, and dug and constructed a ditch or drain connecting said Platte Lake with Platte creek, and thereby lowered the natural outlet of said lake approximately four (4) feet.

"That as a result of the construction of said ditch or drain, and the deepening of the outlet of said Platte Lake, the level of the water in said lake was lowered about four (4) feet, and that thereafter it was and still is impossible for said lake to contain more than two (2) feet of water as an average depth.

"That the excavations made by said defendant were and are

inside the meander line, and inside the original high-water mark on the shore of said lake.

"That by said deepening of the outlet of said Platte Lake the water therein was caused to recede from the shore, and from the ordinary high-water mark on the shore of said lake.

"That the reliction caused by such recession was sudden, violent, and unnatural; that at no time since the year 1881 has there been a gradual imperceptible and permanent recession of the waters of said lake.

"That in deepening the channel of the said Platte creek, and in constructing the ditch through and across the bank of Platte Lake, it was the intention of the defendant to lower the level of the water in said Platte Lake, and to drain the water therefrom into and through Platte creek."

Judgment was entered enjoining the defendant from draining the lake and requiring him to close the drain already constructed by him, and to restore the land at. the outlet of the lake to the condition it was in when he dug the drain in 1905. With such portions of the judgment we concur.

[1] It is earnestly contended that the evidence is insufficient to sustain the findings that Platte Lake is a navigable or public body of water within the purview of the decision of this court in Flisrand v. Madson, 35 S. D. 457, 152 N. W. 796. A review of the evidence would take needless space in this opinion, suffice it to say that the evidence is conflicting, and we cannot say, after a careful consideration of it, that it clearly preponderates in favor of defendant. Such findings are therefore approved.

[2] The judgment contained further declarations as to the boundaries of the ownership of the state in this lake which are in conflict with the decisions of this court handed down since said judgment was entered, to wit, the decisions in Flisrand v. Madson, supra, and Anderson v. Ray, 37 S. D. 17, 156 N. W. 591. It declared that the absolute ownership of the state extended from the center of the lake outwardly to the high-water mark, and—
"that the defendant has no right, title, or interest in or to the land inside the high-water mark of said Platte Lake other than such rights as he has as a citizen of this state in common with the other citizens of this state."

Pursuant to the decisions above mentioned the state is the owner of the bed of the lake outwardly to ordinary low-water mark, and has a qualified ownership from there on to ordinary high-water mark.   Conversely, the defendant owns the land down to ordinary high-water mark, and has a qualified ownership from there inwardly to ordinary low-water mark, subject to the rights of the state, as defined in Anderson v. Ray, supra, and subject to the right of the public to ingress to and egress from the lake.

It is the opinion of this court that the judgment appealed from should be vacated, and the cause returned to the trial court, with directions to enter judgment in favor of the plaintiff in conformity with the views herein expressed.   It will be so ordered. No costs will be taxed in this court.